GARRISON, Judge.
The defendant, Judith Ricard, was charged by bill of information with one count of issuing worthless checks totaling $1,368.73, a violation of LSA-R.S. 14:71. The defendant waived her right to a jury trial and was subsequently found guilty as charged by the trial judge after trial on the merits. The defendant received a suspended sentence of one year in Orleans Parish Prison. She was also sentenced to two years of active probation and ordered to pay $1,118.73 in restitution to the victim and a $10.00 per month probation fee. Defendant now appeals.
In 1984, the defendant was a co-owner of the Astorio Food Store at 2339 Orleans Avenue in New Orleans. During a two week period in November of that year, the defendant issued three checks totaling $1,368.73 as payment for merchandise purchased from Quaglino Tobacco and Candy Company. All of these checks were returned due to insufficient funds in the defendant’s account at Jefferson Guaranty Bank. Evidence at trial also revealed that twenty-eight checks previously drawn on the defendant’s account and payable to Quaglino were also returned due to insufficient funds.
The defendant received several overdraft notices from the bank and several phone *22 calls from Quaglino informing her of the returned checks. Neither action produced a response from the defendant. The defendant’s bank statements indicate that the Astorio Food Store account never had a positive balance after November 6, 1984. At the end of 1984, this business closed.
After several months of futile efforts by Quaglino to obtain payment from the defendant for the amounts of the previously issued worthless checks, this matter was brought to the district attorney’s office. The defendant was given the opportunity to make restitution to Quaglino for the amount owed by her company. When no restitution was made, the defendant was arrested and charged with issuing worthless checks.
On appeal, the defendant argues that the evidence presented at trial was insufficient to support her conviction for issuing worthless checks. To prove the crime of issuing worthless checks, the State must prove beyond a reasonable doubt the following elements: 1) the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not 2) with intent to defraud 3) any check, draft or order for the payment of money upon any bank or other depository 4) knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation and 5) the payment must not have been on installment contracts or open accounts. LSA-R. S. 14:71.
The first and third elements were clearly proven by the State. Stanley Cooks, a delivery truck driver for Quaglino Tobacco & Candy Company, identified the defendant at trial as the person who gave him the checks in exchange for merchandise. Furthermore, the checks were signed by Judith Ricard, the defendant.
The second element, the intent to defraud, was also sufficiently proven by the State. The evidence established that no deposit was ever made into defendant’s account after the checks in question were issued. Even after entreaties by the bank, Quaglino, and the district attorney’s office both by phone and mail, the defendant never made restitution, and no evidence shows that the defendant reasonably believed that funds would be forthcoming to cover her checks.
As for the fourth element, whether the defendant had knowledge that she had insufficient credit with the bank at the time the checks in question were issued, the defendant’s bank statements indicate that on the date that the earliest of the three checks was issued, defendant’s account was overdrawn by over $300.00. On the date of the issuance of the third check, defendant’s account was overdrawn by almost $800.00. After the third check was issued on November 27, 1984, defendant’s bank statements never again showed a positive balance. During the period of November 9 through November 29, 1984, defendant was mailed at least six overdraft notices by her bank. Under these facts, it was reasonable for the judge to conclude that the defendant knew that she had insufficient funds in the bank at the time the three checks in question were issued.
Finally, contrary to defendant’s argument, the evidence did not establish that her company had an open account with Quaglino. Her argument is based on the fact that other checks issued by her in the past to Quaglino were also returned for insufficient funds but Quaglino, nevertheless, continued to deliver goods, accept the checks and receive payment at a later date. This argument is without merit. No arrangement for an open account existed between defendant and Quaglino. Rather, the evidence established that Quaglino company policy dictated that for this account, payment was due upon delivery of merchandise. Quaglino’s decision not to prosecute after the issuance of the other worthless checks did not serve to establish an open account in favor of the defendant.
Clearly, the evidence presented at trial, viewed in the light most favorable to the prosecution, was sufficient to prove that the defendant was guilty beyond a reasonable doubt of the crime of issuing worthless checks.
*23 In another assignment of error, the defendant argues that testimony concerning the defendant’s maiden name was inadmissible hearsay evidence. Specifically, defendant objects to the allowance of certain testimony of David Stoltz, an investigator for the district attorney’s office, i.e. his explanation that in attempting to locate the defendant, he called a number listed in the name of “Danna” because he was told by someone that that was the defendant’s maiden name.
The Louisiana Supreme Court has held that a police officer may refer to statements made by other persons involved in a case in order to explain his own actions if such statements are admitted, not to prove the truth of the assertions made but rather, to explain the sequence of events leading to the arrest of the defendant from the viewpoint of the arresting officers. State v. Edwards, 406 So.2d 1331 (La. 1981), cert. denied, Edwards v. Louisiana, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982). Because the officer’s testimony about the maiden name of the defendant was offered to show the course of his investigation which eventually led to the defendant’s arrest, this testimony was properly admitted by the trial judge. This assignment of error is without merit.
For these reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.