LANDRIEU, Judge.
Defendant was charged with issuing a worthless check. He was tried before a jury and found guilty of attempted issuing of a worthless check, from which conviction he has appealed. We affirm.
The pertinent, uncontested facts are as follows. The defendant, a seafood dealer, customarily purchased large quantities of oysters from one of his suppliers. To effect delivery from and payment to this particular supplier, the defendant would send his truck to the supplier’s place of business with a check complete in all respects, with the exception of the amount to be paid.
After the truck was loaded with the agreed upon quantity of oysters and the dollar amount of the purchase determined, the supplier, as agreed, would then write onto the check the amount of the purchase. Defendant concedes that in the occurrence that gave rise to his conviction, the usual procedure was followed. The oysters were loaded onto his truck, the price was deter *916 mined to be $4,275.00, and the check was completed for that amount.
The defendant did not have sufficient funds in the bank on which the check was drawn and the check was returned to the supplier because of insufficient funds. Although the defendant was then properly notified in writing that the check had been so returned, he failed to make the check good or to make payment for the oysters within ten days as required.
LSA-R.S. 14:71(A) states as follows:
A. (1) Issuing worthless checks is the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with intent to defraud, of any check, draft, or order for the payment of money upon any bank or other depository, knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such check, draft, or order in full upon its presentation. This provision shall not apply to payments on installment contracts or open accounts.
(2) The offender’s failure to pay a check, draft, or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud.
The defendant contends on appeal, as he did at trial, that an “issuing” did not take place because the cheek was not “complete in form”. The language on which defendant relies is found in the comments to LSA-R.S. 14:71 and is taken from Negotiable Instruments Law. The reporter’s comments, however, are strictly advisory in nature. Furthermore, the term “issue”, when used in reference to negotiable instruments and the laws applicable thereto, has a very limited and special meaning. That definition is not pertinent to the crime of issuing a worthless check as proscribed by R.S. 14:71. The gravamen of the offense of issuing a worthless check is not the issuance of a negotiable instrument but rather the giving or delivering of a worthless check, draft or order in exchange for something of value with the intent to defraud.
A check is a written order to a bank to pay money as instructed. It may or may not be a negotiable instrument, depending on the instruction. Likewise, not all negotiable instruments are subject to R.S. 14:71. LSA-R.S. 14:3 states that all provisions of the Louisiana Criminal Code will be interpreted in their usual sense with reference to the purpose of the provision. Black’s Law Dictionary, (6th ed. 1990), defines “issue” as “to put into circulation”, “to deliver”. Webster’s Unabridged Dictionary, (second ed. 1972), defines it as “to send out; to put into circulation”.
There is no requirement in R.S. 14:71 that the check must be “complete in form” in order for there to be an “issuance”. It was, therefore, up to the jury to decide if there was an “issuance” according to the statute.
Viewing the evidence in the light most favorable to the prosecution, the evidence was sufficient for any rational trier of fact to conclude beyond a reasonable doubt that an issuance took place. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Ricard, 535 So.2d 21 (La.App. 4th Cir.1988).
Accordingly, we affirm defendant’s conviction and sentence.
AFFIRMED.